UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

JAY DEES INC., PHILLIP MARKS,
STEPHEN KEVELSON, JOHN SCOTTO,
and JOHN DOES 1-10,

                Plaintiffs,

- against -

DEFENSE TECHNOLOGY SYSTEMS,
INC., JOHN BRADY, EDWARD McPHEE,
and DANIEL McPHEE,

                Defendants.

------------------------------------------------------X

MEMORANDUM
OPINION AND ORDER

05 Civ. 6954 (SAS)

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

I.     INTRODUCTION

On September 25, 2008, this Court granted in part and denied in part defendants' motion for summary judgment on plaintiffs' securities fraud claims and denied plaintiffs' motion for summary judgment on defendant Defense Technology Systems's counter-claims.[1] Defendant John Brady now seeks reconsideration of the partial denial of his motion for summary judgment. Brady

---

[1] *See Jay Dees Inc. v. Defense Tech. Sys., Inc.*, No. 05 Civ. 6954, 2008 WL 4376260 (S.D.N.Y. Sept. 25, 2008).

1

asserts the narrow claim that he is entitled to summary judgment on claims made by plaintiff Phillip Marks because he did not have the requisite scienter with regard to Marks.

## II. LEGAL STANDARD

A motion for reconsideration is governed by Local Rule 6.3 and is appropriate where "'the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'"[2] "A motion for reconsideration may also be granted to 'correct a clear error or prevent manifest injustice.'"[3]

The purpose of Local Rule 6.3 is to "'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'"[4] Local Rule 6.3 must

---

[2] *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003) (quotation omitted).

[3] *In re Terrorist Attacks on September 11, 2001*, No. 03 MDL 1570, 2006 WL 708149, at *1 (S.D.N.Y. Mar. 20, 2006) (quoting *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)).

[4] *Naiman v. New York Univ. Hosps. Ctr.*, No. 95 Civ. 6469, 2005 WL 926904, at *1 (S.D.N.Y. Apr. 1, 2005) (quoting *Carolco Pictures, Inc. v. Sirota*, 700 F. Supp. 169, 170 (S.D.N.Y. 1988)). *Accord Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc.*, 233 F.R.D. 355, 361 (S.D.N.Y. 2005)

be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court."[5] Courts have repeatedly been forced to warn counsel that such motions should not be made reflexively, to reargue "'those issues already considered when a party does not like the way the original motion was resolved.'"[6]

## III. DISCUSSION

Defendants' motion for summary judgment asserted that Marks had not relied on defendants' misrepresentations when buying and selling stock in Defense Technology Systems.[7] This Court found that Brady was not entitled to summary judgment on that ground. In response, Brady now raises an entirely new ground for summary judgment – his alleged lack of scienter. This is a

---

("[A] movant may not raise on a motion for reconsideration any matter that it did not raise previously to the court on the underlying motion sought to be reconsidered.").

[5] *DGM Invs., Inc. v. New York Futures Exch., Inc.*, 288 F. Supp. 2d 519, 523 (S.D.N.Y. 2003) (quotation omitted). *Accord Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (holding that a court will deny the motion when the movant "seeks solely to relitigate an issue already decided.").

[6] *Joseph v. Manhattan & Bronx Surface Transit Operating Auth.*, No. 96 Civ. 9015, 2006 WL 721862, at *2 (S.D.N.Y. Mar. 22, 2006) (quoting *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996)).

[7] *See* Memorandum of Law Submitted by Defendant John Brady in Support of His Motion for Summary Judgment at 20.

3

quintessential example of an attempt to reargue a lost motion by asserting an alternative basis for the desired relief. This Court need not and will not consider new arguments presented on a motion for reconsideration.

## IV. CONCLUSION

For the foregoing reasons, Brady's motion is denied. The Clerk of the Court is directed to close this motion (docket no. 129).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         October 13, 2008

## - Appearances -

**For Plaintiffs:**

Richard Salvatore Ciacci, Esq.
Mathew E. Hoffman, Esq.
Nicole Barbaro, Esq.
Todtman, Nachamie, Spizz, & Johns, PC
425 Park Avenue
New York, New York 10022
(212) 754-9400

**For Defendants Defense Technology Systems, Inc. and Daniel McPhee:**

David Hirschberg, Esq.
Burkhart, Wexler & Hirschberg LLP
585 Stewart Avenue, Suite 750
Garden City, New York 11530
(516) 222-2230

**For Defendant John Brady:**

Eric S. Hutner, Esq.
Hutner Klarish, LLP
1359 Broadway, Suite 2001
New York, New York 10018
(212) 981-9121

**For Defendant Edward McPhee:**

Robert B. McKay, Esq.
Carney & McKay
1050 Franklin Ave., Suite 400
Garden City, New York 11530
(516) 742-6600