```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/7/09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAY DEES, INC., PHILLIP MARKS, and STEPHEN KEVELSON,<br><br>          Plaintiffs,<br>v.<br><br>DEFENSE TECHNOLOGY SYSTEMS, INC., JOHN BRADY, and DANIEL McPHEE,<br><br>          Defendants. | C05-6954 SAS(TSZ)<br><br>ORDER |

THIS MATTER comes before the Court on defendant John Brady's motion for judgment as a matter of law or new trial, docket nos. 189, 190, & 197, and plaintiffs' motion for prejudgment interest, docket no. 194. Having reviewed all papers filed in support of and in opposition to each motion, the Court enters the following Order:

(1) Defendant John Brady's motion for judgment as a matter of law is DENIED. Judgment as a matter of law pursuant to Rule 50 requires that either (i) such a "complete absence of evidence" supporting the verdict exists that the jury's findings could only have been the result of "sheer surmise [or] conjecture," or (ii) such an "overwhelming amount of evidence in favor of the movant" exists that "reasonable and fair minded [persons]" could not arrive at a verdict against the movant. *Cooper v. Metro. Transp. Auth.*, 204 Fed. Appx. 952, 953 (2d Cir. 2006) (alterations in original) (quoting *Taylor v. Brentwood Union Free Sch. Dist.*, 143 F.3d 679, 685 (2d Cir. 1998)). In connection with his motion for judgment as a matter of law, Mr. Brady has not identified any errors in the Court's instructions to the jury or any irregularities in the proceedings. Rather, Mr. Brady contends that, in reaching its

ORDER - 1

verdict, the jury misunderstood or ignored the Court's instructions, and he draws this inference from his view that the jury's verdict is not supported by the evidence. Mr. Brady made a similar motion immediately after the jury rendered its verdict. For the same reasons the Court denied the earlier motion, the Court finds no merit in Mr. Brady's current arguments. The jury in this case awarded punitive damages, broadcasting clearly how it viewed the events and actions at issue. The Court cannot conclude that the jury's verdict was based merely on conjecture or that it ran contrary to the result reasonable minds would reach. In sum, Mr. Brady's motion simply expresses disagreement with the jury's verdict and it provides no basis for the Court to substitute its judgment for that of the jury.

(2) Defendant John Brady's alternative motion for new trial is also DENIED. A motion for new trial ordinarily will not be granted unless the Court "is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." *Cooper*, 204 Fed. Appx. at 953 (quoting *Medforms, Inc. v. Healthcare Mgmt. Solutions, Inc.*, 290 F.3d 98, 106 (2d Cir. 2002)). In this case, although the Court might not have rendered the same verdict on the same quantum of evidence, the Court cannot say that the jury's decision was erroneous or constituted a miscarriage of justice. The evidence established disputes of fact and raised issues of credibility that the jury was required to resolve. The Court must now view that same evidence in the light most favorable to plaintiffs, as the nonmoving party, *Medforms*, 290 F.3d at 106, and the Court can see no basis for second-guessing the result of the jury's deliberations in this case.

(3) Plaintiffs' motion for prejudgment interest is DENIED. Plaintiffs acknowledge that whether to award prejudgment interest is a decision committed to the sound discretion of the Court. *See* Plaintiffs' Memorandum at 2 (docket no. 194); *see also Jones v. Unum Life Ins. Co. of Am.*, 223 F.3d 130, 139 (2d Cir. 2000); *Commercial Union Assurance Co. v. Milken*, 17 F.3d 608, 613 (2d Cir. 1994). In exercising that discretion, the Court must consider the following factors: (i) the need to fully compensate the wronged party for actual

ORDER - 2

damages suffered; (ii) considerations of fairness and the relative equities of the award; (iii) the remedial purpose of the statute involved; and (iv) such other general principles as are deemed relevant by the Court. *Jones*, 223 F.3d at 139; *Milken*, 17 F.3d at 613. The Court has considered these factors and concluded that an award of prejudgment interest is not necessary in this case. The Court notes that much of the delay occurring in this case was of plaintiffs' own making and that, in addition to compensatory damages, plaintiffs were awarded punitive damages. Moreover, during the pendency of this case, the stock market and national economy have suffered significant downturns, and the Court is not persuaded that plaintiffs would have fared any better by having the amounts in question available for investment. Finally, the Court has taken into account the slight evidence upon which the jury's verdict is based, and it finds that any award of prejudgment interest would constitute a windfall to plaintiffs.

IT IS SO ORDERED.

The Clerk is directed to send a copy of this Order to all counsel of record.

Dated this 31st day of July, 2009.

Thomas S. Zilly
United States District Judge

ORDER - 3