**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**CASE NO.: 05 CIVIL 6954 (TSZ)**

**JAY DEES, INC., PHILLIIPS MARKS,** and **STEPHEN KEVELSON,**

Plaintiffs

v.

**DEFENSE TECHNOLOGY SYSTEMS, INC., JOHN BRADY, EDWARD McFEE, and DANIEL McPHEE**,

Defendants.

**PLAINTIFFS' JAY DEES, INC. AND STEVEN KEVELSON'S AND DEFENDANT JOHN BRADY'S JOINT MOTION TO ENFORCE SURETY'S LIABILITY AND SUPPORTING MEMORANDUM OF LAW**

Pursuant to Federal Rules of Civil Procedure 65.1 and Southern District of New York Local Civil Rule 65.1, Plaintiffs, Jay Dees, Inc. ("Jay Dees") and Steven Kevelson ("Kevelson"), and Defendant, John Brady, ("Brady") hereby move this Court to enforce the surety's liability for the Final Judgment against the Defendant John Brady ("Brady") in the amount of $280,000.00 for compensatory damages and $100,000.00 for punitive damages as to Jay Dees and $298,764.97 for compensatory damages and $100,000.00 for punitive damages as to Kevelson (the "Judgment") [D.E. 179], plus post-judgment interest and to amend the Judgment in accordance with the Second Circuit Court of Appeals' Mandate dated January 14, 2011. International Fidelity Insurance Company ("Fidelity"), as surety for Defendant John Brady, posted the bond [D.E. 237] to satisfy the Judgment and any Amended Judgment that may enter. Defendant Brady also requests that this Court direct Fidelity to place $273,000 in escrow with the Clerk of Court for satisfaction of the judgment of Philip Marks after this Court's

consideration of Rule 11 matters on remand and that the remaining roughly $109,000 be distributed immediately to Defendant Brady's counsel. In further support of this Motion, Plaintiffs Jay Dees and Kevelson and Defendant Brady state as follows:

## I. BACKGROUND FACTS

1. On April 30, 2009, this Court entered the Judgment in favor of Plaintiffs Kevelson and Jay Dees and against John Brady. [D.E. 179]. A copy of the Judgment is attached hereto as Exhibit "A" and incorporated herein by reference.

2. On June 1, 2009, Defendant John Brady appealed from the Judgment to the Second Circuit Court of Appeals. [D.E. 200].

3. Pursuant to Federal Rule of Civil Procedure 62(d), to stay execution of the Judgment during the pendency of the appeal, Brady, by and through Fidelity, filed with the clerk of this Court a written undertaking to pay Plaintiffs the amount of the Judgment, up to $1,165,500.00, together with costs, interest and damages for delay if the appeal was dismissed or the judgment of this Court was affirmed (the "Bond"). A copy of the Supersedeas Bond (Bond No. 0528312) is attached hereto as Exhibit "B" and is incorporated herein by reference.

4. Fidelity, as surety for Defendant Brady, posted a bond in an amount sufficient to satisfy in full the Judgment and any amended judgment that may enter.

5. On December 2, 2010, the Second Circuit Court of Appeals Affirmed the Final Judgment in part and vacated a portion of the Final Judgment insofar as the jury awarded Kevelson $300,000.00 in compensatory damages. The Second Circuit remanded the matter to this Court to set an appropriate remittitur amount reflecting compensatory damages as to Plaintiff Kevelson, in an amount consistent with the undisputed evidence of Plaintiff's Kevelson's stock losses.

6. On December 15, 2010, Defendant Brady filed a Petition for Panel Rehearing with the Second Circuit.

7. On January 10, 2011, the Second Circuit Court of Appeals entered an amended order denying Defendant Brady's Petition for Panel Rehearing.

8. On January 14, 2011, the Second Circuit issued a Mandate and the Judgment became final. [D.E. 241].

9. By way of this Motion, Plaintiff Kevelson and Defendant Brady agree that Plaintiff Kevelson will remit $1,235.03 of his $300,000.00 compensatory damages award, resulting in a compensatory damage award to him of $298,764.97 thereby avoiding the need for additional proceedings or a new trial on damages.

10. In addition Plaintiffs Kevelson and Jay Dees agree with Defendant Brady that Fidelity should pay to Plaintiff Jay Dees and Kevelson $784,007.02 for compensatory and punitive damages (inclusive of post-judgment interest). While Defendant Brady and Plaintiffs Kevelson and Jay Dees have agreed to the foregoing, Fidelity has failed to disburse the funds pursuant to this agreed request.

11. After satisfaction of the judgments in favor of Kevelson and Jay Dees, there will be roughly $381,000.00 remaining on the Bond. There is one additional judgment in favor of Philip Marks in the amount of $170,000.00 in compensatory and $100,000.00 in punitive damages. [D.E. 179]. Mr. Marks has assigned his interest in the judgment to John Scotto. The United States Court of Appeals for the Second Circuit remanded the case to this Court for the purpose of "entering specific findings regarding [John Scotto's] Rule 11 compliance that are required by the [Private Securities Litigation Reform Act of 1995]." In the event the Court enters Rule 11 sanctions against John Scotto, that award should offset the monies due Scotto

under the Marks judgment. Therefore, Defendant Brady requests that this Court direct IFIC to distribute $273,000.00 to the Clerk of the Court to hold in escrow pending the outcome of the Rule 11 proceeding and that the remaining $109,000.00 on the Bond be immediately distributed to defendant John Brady's counsel.

12. As of the date of this Motion, the Judgment has not been satisfied in full or in part.

## II. ARGUMENT

**This Court should Enforce the Surety's Liability on the Supersedeas Bond as to Plaintiffs Kevelson and Jay Dees.**

13. Federal Rule of Civil Procedure 65.1 provides:

> **Proceedings Against A Surety.** Whenever these rules [] require or allow a party to give security, and security is given through a bond or other undertaking with one or more sureties, each surety submits to the court's jurisdiction and irrevocably appoints the court clerk as its agent for service of any papers that affect its liability on the bond or undertaking. The surety's liability may be enforced on motion without an independent action. The motion and any notice that the court orders may be served on the court clerk who must promptly mail a copy of each to every surety whose address is known.

14. This Court has jurisdiction to enforce Fidelity's liability on the Bond and this motion is the appropriate vehicle for such relief. *See Aerotrade, Inc. v Republic of Haiti*, 399 F.Supp 618. (SDNY 1975); *United States v. Lacey*, 982 F.2d 410, 412-413 & n.2 (10th Cir. 1992) (citations omitted).

15. Jay Dees and Kevelson have satisfied all of the conditions under Rule 65.1 to proceed against Fidelity. First, Fidelity is a surety as contemplated under Rule 65.1. Second, the Second Circuit entered a Final Judgment in Plaintiffs' favor and the Mandate issued.

16. Fidelity's principal, Defendant John Brady, agrees with the relief being sought by Plaintiffs Jay Dees and Kevelson.

17. In addition, in light of the fact that Fidelity is earning *per diem* interest on the Bond principal, Defendant Brady and Plaintiffs Jay Dees and Kevelson, request that Fidelity deposit $784,007.02 for compensatory and punitive damages as to Jay Dees and Kevelson (inclusive of post-judgment interest) to Plaintiffs Jay Dees and Kevelson's undersigned counsel, and further that Fidelity deposit $273,000.00 with the Clerk of the Court to be held in escrow to satisfy some or all of the Marks judgment after the Rule 11 proceeding and that the $109,000.00 remaining on the Bond be immediately distributed directly to Defendant Brady's counsel.

18. Plaintiffs Jay Dees and Kevelson and Defendant Brady have advised Fidelity of their agreement to release the funds in accordance with the request made in this Motion but Fidelity has failed to do.

**III. CONCLUSION**

For the above reasons, Plaintiffs Jay Dees and Kevelson and Defendant Brady respectfully request that this court enter an order granting their Joint Motion to Enforce the Surety's Liability against International Fidelity Insurance Company, requiring IFIC within five (5) days of the Court's order to (i) disburse proceeds from Bond in the amount of $784,007.02 for compensatory and punitive damages as to Jay Dees and Kevelson (inclusive of post-judgment interest) to Plaintiffs Jay Dees and Kevelson's undersigned counsel, (ii) to disburse $273,000.00 to the Clerk of the Court to be held in escrow for satisfaction of the Marks judgment after the Rule 11 proceeding on remand, and (iii) further requiring IFIC to disburse to Defendant John Brady's counsel's, $109,000.00, and any relief this Court deems just and proper.

DATED: January 20, 2011.

Respectfully Submitted,

OBERMAYER REBMANN MAXWELL & HIPPEL LLP
*Counsel for Defendant John Brady*
Woodland Falls Corporate Park
200 Lake Drive East, Suite 110
Cherry Hill, New Jersey 08002

By: /s/ Ralph P. Ferrara
Ralph P. Ferrara, Esq. (pro hac vice)

MILITZOK & LEVY, P.A.
*Co-Counsel for Plaintiff Jay Dees and Kevelson*
The Yankee Clipper Law Center
3230 Stirling Road, Suite 1
Hollywood, Florida 33021
(954) 727-8570 – Telephone
(954) 241-6857 – Facsimile
elevy@mllawfl.com – E-mail

By: /s/ Ely R. Levy
Ely R. Levy, Esq.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 20, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM / ECF. I also hereby certify that a true and correct copy of the foregoing has been sent to all counsel of record either First Class Mail at the below addresses and via transmission of Notices of Electronic Filing generated by CM / ECF or other authorized manner if not authorized to receive Notices of Electronic Filing.

Steven G. Legum, Esq.
CARLUCCI & LEGUM
Co-Counsel for Plaintiff Jay Dees and Kevelson
Steven G. Legum, Esq.
170 Old Country Road
Mineola, NY 11501
*Co-counsel for Plaintiff Jay Dees and Kevelson*

James Felix, Esquire
KILHENNY & FELIX
350 Seventh Avenue, Suite 1800
New York, NY 10001
*Attorneys for Plaintiff Phillip Marks*

Daniel McPhee
33 Long Acre Lane
Dix Hills, NY 11766

Richard S. Ciacci, Esq.
ROSENBERG FELDMAN SMITTH LLP
551 Fifth Avenue, 24th Floor
New York, New York 10176
*Attorney for Plaintiff John Scotto*

Genise W. Teich, Esq.
INTERNATIONAL FIDELITY INSURANCE COMPANY
20th Floor
1 Newark Center
Newark, NJ 07102-5232
*Attorney for Surety*

By: /s/ Ely R. Levy
Ely R. Levy, Esq.